# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2017.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-2
Lower Tribunal Nos. 99-8521, 00-23981

————————————

**Todd Dearriba,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Stephen Thomas Millan, Judge.

Todd Dearriba, in proper person.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before LAGOA, SCALES, and LUCK, JJ.

LAGOA, J.

Appellant, Todd Dearriba ("Appellant"), appeals from an order summarily denying his pro se motion titled "Readdress Previous Motion to Clarify Sentence Structure." Because the record before us fails to show that Appellant is entitled to no relief, we reverse and remand for attachments of records conclusively showing that Appellant is not entitled to relief.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 8, 2016, Appellant filed a "Motion to Clarify Sentence Structure or in Opposition Motion for Jail Time Credit" pursuant to Florida Rule of Criminal Procedure 3.801. In that motion, Appellant states that at his original sentencing hearing in two separate cases (Case Number F99-8521 and Case Number F00-23981) he had been credited 709 days of jail credit time. Appellant's motion further asserted that at his resentencing hearing, he was resentenced to fifteen years of imprisonment in both cases, and was credited 709 days in Case Number F99-8521 but only 619 days in Case Number F00-23891. Appellant requested clarification from the trial court as to whether the sentences had been imposed coterminously and further requested that his sentences in both cases reflect the proper jail credit awarded previously at his original sentencing hearing.

On July 28, 2016, the trial court entered a written order granting Appellant's motion and stating: "sentence in F99-8521 is correct, motion pertains to F00-23981." Appellant did not appeal the July 28, 2016, order.

2

On November 15, 2016, Appellant filed another motion titled "Readdress Previous Motion to Clarify Sentence Structure." In that motion, Appellant alleged that the trial court's July 28, 2016, order never addressed whether the two sentences were imposed coterminously. Appellant requested that the trial court "reissue an order to the Florida Department of Corrections reclarifying its previous order rendered on July 28, 2016 that the Defendant was granted his sentences to be [run] conterminous which would terminate both sentences stated above on December 18, 2017 in this cause." On December 1, 2016, the trial court summarily denied Appellant's November 15, 2016, motion without a hearing. This appeal ensued.

This Court sua sponte ordered the State to address whether the December 1, 2016, order constituted an appealable order. In its response, the State asserted that the order was not appealable because Appellant's November 15, 2016, motion was an untimely motion for rehearing.

II. ANALYSIS

Florida Rule of Appellate Procedure 9.140(b)(1)(D) provides that:

(1) *Appeals Permitted*. A defendant may appeal

. . . .

(D) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders **denying** relief under

Florida Rule of Criminal Procedure 3.800 (a), 3.801, 3.850, 3.851, or 3.853.

Here, the trial court's July 28, 2016, order granted Appellant's rule 3.801 motion. As such, it was not an appealable order pursuant to rule 9.140(b)(1)(D). Although the Appellant's November 15, 2016, rule 3.801 motion seeks the type of relief normally found in a motion for rehearing, we do not consider it a motion for rehearing as the trial court's July 28, 2016, order did not deny Appellant's July 8, 2016, motion, but instead granted it.

Because Appellant appeals from the trial court's December 1, 2016, order summarily denying his motion, this Court must reverse unless the postconviction record, see Fla. R. App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(D). Because the record before us fails to make the required showing, we reverse the order and remand for attachment of records conclusively showing that the Appellant is not entitled to any relief or an evidentiary hearing. See Langdon v. State, 947 So. 2d 460 (Fla. 3d DCA 2007). If the trial court again enters an order summarily denying the postconviction motion, the trial court shall attach record excerpts conclusively showing that the Appellant is not entitled to any relief.

Reversed and remanded for further proceedings.